IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 116-190 |
| SCOTT WILKES; THE STATE; and CATONGA FLETCHER, | ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Augusta State Medical Prison in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names as Defendants: (1) Scott Wilkes; (2) The State; and (3) Catonga Fletcher. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was convicted in July 2005 of rape, molestation, aggravated battery, and incest of his daughter and sentenced to thirty years in prison. (Id. at 7, 9.) However, Plaintiff was

innocent of the crime and his daughter's testimony was perjury. (Id. at 7.) Plaintiff's ex-girlfriend, Catonga Fletcher, coerced his daughter to testify falsely because Ms. Fletcher was angry with Plaintiff for not giving her money to purchase marijuana. (Id.)

Plaintiff details many other problems with his case leading to his wrongful conviction. (See id. at 8-10.) The police did not have probable cause or a warrant to arrest him, and he was never read his Miranda rights. (Id. at 8.) His indictment was not valid and his attorney did not secure his bond. (Id.) His conviction also violated the prohibition against double jeopardy. (Id. at 10.) Because of these deficiencies, Plaintiff demands his immediate release from prison. (Id. at 9.) In addition to his release, Plaintiff asks for $9 million in damages and that record of his alleged crime be erased. (Id. at 6-7, 9.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Complaint is Barred Under Heck v. Humphrey.

Plaintiff's complaint is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In that case, the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Id.; see also Harden v. Pataki, 320 F.3d 1289, 1301 (11th Cir. 2003) (extending

Heck to parole revocation challenges); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (holding district court correctly dismissed §1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid). In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983. Id. at 483.

Here, Plaintiff claims: (1) he was wrongfully convicted of raping his daughter; (2) his arrest was not supported by probable cause; (3) he was not read his Miranda rights at his arrest; (4) he received ineffective assistance of counsel; (5) his indictment was invalid; and (6) his double jeopardy rights were violated. (See doc. no. 1, pp. 6-9.) Were these claims resolved in Plaintiff's favor in this Court, the outcome would inevitably undermine Plaintiff's state conviction. Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005). Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Accordingly, Plaintiff's claims are barred under Heck.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and this civil action be **CLOSED**. If Plaintiff desires to challenge the validity of his July 2005 state conviction, he must file a petition pursuant to 28 U.S.C. §2254 in the Northern District of Georgia, which is the district where his original criminal proceedings were conducted.[1] (See doc. no. 1, p. 7) (Plaintiff was "locked up in East Point [and] bound . . . over to Fulton County).

SO REPORTED and RECOMMENDED this 3rd day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court **DIRECTS** the **CLERK** to attach the standard form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody to Plaintiff's copy of this Report and Recommendation.